## Garman's Estate.

*Executors and administrators—Administrator d. b. n. c. t. a.—Distribution
—Legatees.*

In proceedings on the account of the administrator of a deceased execu-
trix where it appears that the indebtedness of the testator has been paid
and there are no debtors to or claimants against the estate, distribution
may be made directly to the legatees instead of to an administrator de
bonis non cum testamento annexo.

Argued Feb. 13, 1905. Appeal, No. 37, Jan. T., 1904, by
Cornelius Hauer, Administrator d. b. n. c. t. a. of Isaac Gar-
man, deceased, from decree of O. C. Lebanon Co., June T.,
1897, No. 2, dismissing exceptions to report of auditor in
Estate of Isaac Garman. Before MITCHELL, C. J., DEAN,
FELL, MESTREZAT and ELKIN, JJ. Affirmed.

Exceptions to report of Johnson Benson, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's
report.

*Bassler Boyer*, for appellant.—The fund should have been
paid over to the administrator d. b. n. c. t. a. : Carter v. True-
man, 7 Pa. 315 ; Drenkle v. Sharman, 9 Watts, 485 ; Slay-
maker v. Farmers' Nat. Bank, 103 Pa. 616 ; Little v. Walton,
23 Pa. 164 ; Montgomery's Estate, 7 Phila. 504.

*Robert Adams*, with him *J. G. Adams* and *J. H. Marx*, for appellees.

OPINION BY MR. JUSTICE ELKIN, March 20, 1905:

At the argument counsel for appellant filed a motion to quash the appeal of Moses Gibble, administrator of Amanda Garman, deceased. Order to quash having been made, the record stands with the single appeal of the administrator de bonis non cum testamento annexo.

It is contended that the auditor and the court below erred in not awarding the entire balance shown by the account of Moses Gibble, administrator of Amanda Garman, deceased, who was the surviving executrix of Isaac Garman, deceased, to the appellant. Isaac Garman, the testator, died on April 27, 1897, having made a will disposing of his property. Amanda Garman and Aaron Spitler were named as executors. On October 8, 1897, the executors filed an account, after which Aaron Spitler was discharged, thus leaving Amanda Garman, widow, as the surviving executrix. She filed an account on August 19, 1899, showing that all the debts of the testator had been paid, and leaving a balance in her hands as surviving executrix and trustee under the provisions of the testator's will. On January 24, 1900, the executrix died, and Moses Gibble was appointed administrator of her estate. He then filed the final account of Amanda Garman, surviving executrix of Isaac Garman, deceased. The balance shown by this account is the fund for distribution.

Isaac Garman devised and bequeathed his entire estate to his executors in trust for certain purposes therein specified. It is not necessary to consider the provisions of the will in reference to the trust estate because it is admitted that the trust has terminated, and that the fund is ready for distribution to the parties entitled to receive the same under the will or by operation of law. The only question for consideration is whether the fund now ready for distribution should be awarded to the legatees and distributees, or to the administrator de bonis non. The trust has terminated. The trust fund is ready for distribution. The court has jurisdiction of the subject-matter. The cestuis que trustent and all other parties in interest appear and ask that their respective shares

or interests be awarded to them. The auditor makes the awards and the court approves the awards so made. Why is this not a correct procedure? Counsel for the appellant answers by saying the administrator de bonis non cum testamento annexo, under the provisions of section 31 of the Act of February 24, 1834, P. L. 70, is entitled to the whole fund. If this is the necessary construction of said act then a peculiar result follows, for it means that the fund now ready for distribution in a court of competent jurisdiction, all the debts of the testator having been paid and there being no debtors to or other claimants against said estate, must be awarded, not to the legatees and distributees, but to the administrator de bonis non appointed after these proceedings commenced. If the award is so made, then this appellant must file the same account in the same court, and the same court will be asked to make a distribution among the same parties. Certainly the provisions of said act relative thereto do not require such a meaningless thing to be done. There must be a finality to such proceedings, and in this case all that part of the estate ready for distribution should be considered as settled, and hence the provisions of section 31 of said act do not apply. These provisions of the act were introduced for the purpose of preventing circuity and multiplicity of action in the settlement of the estates of decedents. Prior to the enactment of this act embarrassments arose with creditors, legatees and distributees of deceased persons in relation to the adjustment and payment of their respective claims, from the circumstance of their being compelled to look to various sources and different persons in some instances. It was intended by this act to keep the administration in one line, and to confer upon the administrator de bonis non the power to receive and demand moneys due the estate, pay the debts and make distribution of balances in his hands for that purpose: Com. v. Strohecker, 9 Watts, 479; Drenkle v. Sharman, 9 Watts, 485; Weld v. McClure, 9 Watts, 495; Carter v. Trueman, 7 Pa. 315. This act is a most proper one, and the wisdom of its provisions has never been questioned. If, however, the position of the appellant is sustained the real purpose of the act is defeated. Instead of preventing circuity of action in this case, it would make circuity more circuitous. The only persons interested in or

benefited by such a procedure would be those desirous of getting additional costs and fees by the new administration. We think such a useless procedure was not intended by the act of 1834. Indeed, this view seems to have been in the mind of one of the learned judges who construed the act more than half a century ago. This position was clearly indicated in the case of Carter v. Trueman, 7 Pa. 315, wherein Justice BELL said: "But it is argued by the plaintiff in error, that section 31, of the act of 1834 was intended to apply only in those cases where debts still remained due from the original estate and therefore requiring the intervention of an administrator to avoid circuity and multiplicity of action, and for their more convenient payment. It may be that where it is conceded no debts remain to be satisfied, a distributee may be permitted to recover his share of an ascertained balance by action immediately against the personal representatives of the first administrator." Even at that time the court must have had in mind a case somewhat similar to the one at bar. In the present case all debts of the testator have long since been paid, there is no duty for the administrator de bonis non to perform, and no responsibility to be incurred, so far as that part of the estate ready for distribution is concerned. Under these circumstances the court below properly awarded a distribution of the estate accounted for to the parties entitled thereto. These being our views of the law it is not necessary to discuss the other questions raised in the argument of the case.

Decree affirmed.