# Wagner's Estate.

*Executors and administrators—Practice, O. C.—Administrators de bonis non—Decedents' estates—Act of February 24, 1834, P. L. 73.*

1. The Act of February 24, 1834, P. L. 73, confers full power upon an administrator de bonis non to take possession of and administer all the unadministered assets of the decedent's estate, but does not, however, authorize the administrator de bonis non to compel delivery of possession of the assets of the estate until an account has been filed disclosing what part of the estate still remains unadministered in the hands of the former legal representatives; and it is the balance of the estate, thus ascertained, that may be recovered from the former legal representatives of the decedent.

2. If an executor or administrator die before he completes the administration of the estate, it is the duty of his personal representative to settle an account for his decedent as such executor or administrator, and if he neglects or refuses to do so, the orphans' court will, upon application of an interested party, require him to file an account, which account, when filed, is subject to the same objections and exceptions as if it had been filed by the executor or administrator himself.

3. A decree commanding the personal representative of a deceased executrix to hand over to an administrator de bonis non cum testamento annexo "all moneys, goods and assets" belonging to the original estate should not be made where no account of the assets of the estate has ever been filed, either by the deceased executrix in her lifetime or by her personal representative after her death.

4. If an executor or administrator die, leaving the estate but partially administered, his personal representative cannot complete the administration of the first decedent's estate.

5. Tyson's Est., 191 Pa. 218, distinguished.

Argued Feb. 21, 1910. Appeal, No. 70, Jan. T., 1909, by Silas Griffin, administrator from decree of O. C. Lackawanna Co., 1905, No. 572, ordering transfer of assets in Estate of James S. Wagner, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed. ·

Petition for rule on the personal representative of a deceased executrix to transfer the assets of the original estate to an administrator d. b. n. c. t. a. Before SANDO, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned,* among others, was the decree of the court
ordering the transfer of the assets of the estate of James S.
Wagner by the administrator of the estate of Sarah Wagner
to the administrator de bonis non of James S. Wagner.

*Samuel B. Price,* for appellant.

*T. M. Conniff,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 14, 1910:

James S. Wagner died September 19, 1905, testate, leaving
to survive him a widow, Sarah Wagner, and collateral heirs.
The will was executed in September, 1887, and a codicil was
added thereto January 17, 1900. Sarah Wagner, the wife,
was named as executrix, and on September 25, 1905, letters
testamentary were duly granted to her. She filed an inventory
and appraisement of the estate in the register's office of
Lackawanna county on December 20, 1905, from which it ap-
pears that the estate was valued at $15,333.61, and, with the
exception of personal property amounting to about $53.00,
consisted of bonds, mortgages, judgments and cash. She
filed no account of her administration.

Sarah Wagner died on February 13, 1908, intestate, and
letters of administration on her estate were granted Febru-
ary 17, 1908, to Silas Griffin. The administrator filed an in-
ventory of her estate on March 17, 1908.

Letters of administration de bonis non cum testamento
annexo upon the estate of James S. Wagner, deceased, were
granted to Frederick D. Wagner on August 25, 1908. He
presented a petition to the orphans' court on October 12, 1908,
alleging that certain personal property in the possession of
Sarah Wagner at the time of her death was the property of the
testator; that her administrator had collected debts due the
estate of the testator; that there were evidences of debt,
bonds, and mortgages, etc., in the possession of her adminis-
trator, the property of the estate of the testator; and prayed
the court to grant an order upon her administrator, "com-
manding him forthwith to surrender and deliver up to your

petitioner, as administrator de bonis non cum testamento annexo of the estate of the said James S. Wagner, all the moneys, goods, chattels, rights, credits, bonds, mortgages, evidences of debt and choses in action,..which were of James S. Wagner, deceased, or which came into possession of Sarah Wagner, as executrix or as legatee for life, to the end that your petitioner may perform the duties of his said appointment, and that the personal estate of the said decedent, James S. Wagner, may be lawfully administered and distribution of the same may be had, according to law." The rule was granted. The administrator of Sarah Wagner filed an answer in which he admitted that his decedent had received, as executrix, the personal property of James S. Wagner, but denied that it was of the value alleged in the petition; averred that Wagner by his will and codicil bequeathed to Sarah Wagner his personal property absolutely; that a large number of items in the inventory are in excess of the amounts due from the several parties charged therewith; that all debts and charges against Wagner and his estate have been paid and settled; and that thereupon the said Sarah Wagner took the personal property as her own under the terms of the testator's will and codicil. It appears that Sarah Wagner as executrix collected judgments in favor of her husband against various individuals and deposited the money in bank to her account as executrix but subsequently transferred the whole account to her individual name. Her administrator has taken possession of the estate as the property of his decedent.

The rule was heard by the orphans' court on petition, answer, and testimony. The learned judge of the orphans' court. filed an elaborate opinion in which he declined to determine the rights of the parties to the fund in the hands of Sarah Wagner's administrator, but held that the administrator de bonis non was entitled to have the rule made absolute, and entered a decree that "Silas Griffin, administrator of the estate of Sarah Wagner, deceased, surrender, deliver up and pay over to Frederick D. Wagner. administrator de bonis non cum testamento annexo, within twenty days from this date, all moneys, goods, and assets remaining in the hands of him the

said Silas Griffin, due and belonging to the estate of the said James S. Wagner deceased, so that the same may be legally administered, and distribution of the same may be had, according to law."

Decedents estates in this commonwealth are administered in accordance with statutory law. An executor or administrator is required to file an inventory of the personal estate of the decedent in the office of the register of wills within thirty days from the time administration is granted. He is required to file in the same office a just account and settlement of the estate in one year, or when thereunto legally required. If he neglects or refuses to file an inventory or render a full and just account of the estate or property which comes to his hands, he may be removed by the orphans' court on application of any person interested in the estate; or, on an allegation that he is wasting the estate, he may be required to give additional security.

It is the duty of an executor or administrator to administer the estate. He must collect the debts due the estate and take possession of the property belonging to it. He is required to pay the indebtedness of the estate. If there is a balance remaining in his hands after the legal indebtedness against the estate has been paid, he must distribute it to the parties entitled thereto. He may protect himself, in distributing the estate, by pursuing the course pointed out in the statute, and if he does not observe the provisions of the statute he is liable to any person injured by his action.

If an executor or administrator neglects to file an account, as required by the statute, he may be cited to do so on the application of any person interested. When the account has been filed it shows or should show the true condition of the estate, the property and effects received by the accountant, the indebtedness of the estate as well as the indebtedness paid by the accountant. If it appears that the accountant has not charged himself with the whole of the estate, or has improperly taken credit for the payment of debts not legally due from or payable by the estate, exceptions may be filed to the account, and the orphans' court will eliminate any im-

proper item which it contains.  In this manner, and in no other way, can the property of the decedent which comes into the hands of the accountant for administration be properly and judicially ascertained.  It is the statutory mode of procedure to determine the matter and must be pursued.  Until an account has been filed and finally confirmed by the orphans' court, therefore, it is apparent that there are no funds in the hands of the accountant which the court can order to be disposed of, either among distributees or by payment to a successor in office to the accountant.

An administrator de bonis non has the right, and it is his duty, to administer the assets of the decedent not already administered by his predecessor.  If an executor or administrator die, leaving the estate but partly administered, his personal representative cannot complete the administration of the first decedent's estate.  Another administrator must be raised, and he has authority to administer the balance of the decedent's estate, but can only take charge of and administer the part of the estate which his predecessor in office has left unadministered.  The former executor or administrator and his bondsmen are responsible for the due administration of the estate while it is in his hands.  It is the duty of an administrator de bonis non to settle and account for the part of the estate not administered by his predecessor in office, and he is chargeable with such assets and nothing more.

If an executor or administrator die before he completes the administration of the estate, it is the duty of his personal representative to settle an account for his decedent as such executor or administrator.  If he neglects or refuses to do so, the orphans' court will, upon application of an interested party, require him to file an account.  When the account has been filed, it is subject to the same objections and exceptions as if it had been filed by the executor or administrator himself.  An administrator de bonis non may be an exceptant. When it is finally confirmed by the court, it will disclose the extent to which the estate has been administered and the balance in the hands of the accountant's decedent.  It will or should show the property received by the accountant's de-

cedent, and the indebtedness of the estate paid by him, as well as any balance in his hands. If there is any personal property of the decedent in the hands of the deceased executor or administrator at the time of his death, the account should disclose the fact as well as any funds remaining in his hands. An administrator de bonis non has a right to the possession of such property and funds, unless distribution is the only matter necessary to complete the administration of the estate: Garman's Est., 211 Pa. 264.

By sec. 31 of the Act of February 24, 1834, P. L. 73, 1 Purd. 1112 (13th ed.), administrators de bonis non have power to recover from their predecessors in the administration, or their legal representatives, all moneys, goods and assets, remaining in their hands due and belonging to the estate of the decedent; to prosecute actions upon promises made to such predecessors in their representative character; to sue forth and defend writs of error, of scire facias, or of execution upon judgments, obtained in the name of their predecessors, and to proceed with unexecuted executions for the collection of such judgments: Provided, that in any suit for the recovery of moneys, goods or assets, remaining in the hands of the predecessor, or his legal representatives, brought before he shall have settled his final administration account, the court shall have power to stay proceedings thereon, upon the defendants filing such account in the register's office of the proper county, twenty days previous to the term next succeeding that to which the writ was returnable, until final settlement of said account, and the court in which the suit is pending shall render judgment for the balance which shall appear to be due to either party. Before the passage of this act, an administrator de bonis non could not recover the assets of his decedent from his predecessor, or from the legal representative of his predecessor. Creditors and others interested in the estate were compelled to resort to the personal representatives of the decedent's executor or administrator for payment of their claims. The act of 1834 was manifestly passed to confer authority on an administrator de bonis non to collect from his predecessor all of the assets of the decedent which came into his hands. It confers full

power upon an administrator de bonis non to take possession of and administer all the unadministered assets of the decedent's estate. It, however, does not authorize the administrator de bonis non to compel delivery of possession of the assets of the estate until an account has been filed disclosing what part of the estate still remains unadministered in the hands of the former legal representative. It is the balance of the estate, thus ascertained, that may be recovered from the former legal representative of the decedent.

In Bowman's App., 62 Pa. 166, letters testamentary on the estate of Sponsler were issued but not delivered to Rupp before the latter died. Letters de bonis non cum testamento annexo on Sponsler's estate were then issued to Bobb. Bowman, as Rupp's administrator, filed for his decedent an inventory of Sponsler's personal estate so far as it came into Rupp's possession. Subsequently Rupp's administrator settled an account for his decedent as executor of Sponsler's estate. Exceptions were filed by Sponsler's administrator de bonis non. The auditor reported the account as filed with some few changes. The orphans' court set aside the auditor's report, and struck out the entire debit side of the account on the ground that no assets had come to the hands of Rupp as executor. Such action by the orphans' court was held by this court to be clear error. In delivering the opinion, Mr. Justice AGNEW said, inter alia (p. 171): "In the present case the account of the deceased executor was filed by his legal representative, and was the mode recognized by the law of ascertaining the estate which had come to his hands; yet the court struck out the whole debit side, the effect of which was to leave his estate exposed to actions at common law on the note, book account, and for the goods received. This is clearly contrary to the law which brings the settlement of such an account into the Orphans' Court, and which does away circuity of action by giving the administrator de bonis non a direct remedy against the estate of the deceased executor for the balance remaining in his hands of the predecessor, after settlement in the Orphans' Court."

In Sibbs v. Philadelphia Saving Fund, 153 Pa. 345, Mr.

Justice WILLIAMS, speaking for the court said (p. 348): "For all the assets remaining unchanged his (deceased administrator's) liability ends, and an administrator de bonis non must be appointed to take charge of them, and finish the work of administration. But while the estate of the deceased administrator is liable, as he would have been if living, for what he had in his possession belonging to the estate under his care, it is entitled, as he would have been if living, to credit for all his proper disbursements and services rendered; and to settle these and ascertain the balance, an account must be stated. . . . It is essential to the protection of the estate of the deceased administrator, and his sureties, that his account be finally settled before a right of action accrues against them for what he has received or reduced to his possession in his lifetime; for in this way only can they have the benefit of the credits to which his services and disbursements entitle them."

From this review of the law and procedure in such cases, it is apparent that under the facts of this case the learned court below was in error in making absolute the rule to show cause why the administrator of Sarah Wagner should not deliver the assets of the estate of James S. Wagner to his administrator de bonis non. Under the circumstances disclosed by the pleadings, the administrator of Sarah Wagner, deceased, should have filed an account for her decedent as executor of James S. Wagner's estate. If he neglected or refused to file such an account the orphans' court, upon application of the administrator de bonis non, would have compelled him to do so. The account having been filed, by this means it could have been ascertained what estate of James S. Wagner, deceased, had come into the hands of the executrix and to what extent it had been administered by her, and what was yet remaining in her hands of the estate at the time of her death. Under the act of 1834, the administrator de bonis non can recover only the estate of James S. Wagner, deceased, found to be in the hands of his executrix, unadministered, at the time of her death. Neither the decree of the court nor the petition on which it was entered discloses the assets of James S. Wagner's estate remaining in the hands of the executrix at

the time of her death. Who is to determine whether there were any unadministered assets of James S. Wagner's estate in the hands of the executrix at the time of her death? If there were such assets, what were they and what was their value? To what extent did she administer the estate? What were the expenses of administration? Did she, as executrix, sell the small amount of personal property which came into her possession, as she was authorized to do, or did it remain in specie at the time of her death? What was the value of the personal property, was it greater or less than shown in the inventory? Were the bonds, mortgages, and judgments of the estate collectible, and was there any loss in the collection of any of them? It must be manifest that these questions can only be answered by requiring the administrator of Sarah Wagner, deceased, to file an account for her as executrix of James S. Wagner's estate. The orphans' court had no authority to determine them upon the rule which was granted in this case. Such a procedure has no precedent either at common law or under any statute of the commonwealth. On the contrary, the statute provides how the administrator de bonis non of James S. Wagner, deceased, may proceed to ascertain what part of his decedent's estate remained unadministered in the hands of the executrix at the time of the latter's death, and only such part of the estate, if any, is he authorized to take into his possession.

, The appellee relies on Tyson's Est., 191 Pa. 218, to justify the procedure in this case. That was a contest between the surviving executor of a testator and the executors of his widow (who was not an executrix of her husband) to whom her husband's executors had transferred all his personal estate and certain real estate. This court held that the orphans' court could entertain a petition in the nature of a bill in equity to compel its retransfer. In the language of the opinion, the petitioner sought "the aid of the court to the executor in obtaining possession of the assets of his testator's estate," the title to which was admittedly in the testator and the possession of which had not been in his widow as executrix. Here, the widow was the executrix and took possession of the testa-

tor's estate for the purpose of administering it. The court entered a decree requiring the administrator of the executrix to deliver the assets of her testator to his administrator de bonis non before an account had been filed showing what assets came into her hands and to what extent they had been administered. We think there is a material difference between the cases.

The decree of the court below is reversed, and the petition is dismissed at the costs of the petitioner.