BIRDSALL et al. v. DELAWARE & H. CO.

(District Court, M. D. Pennsylvania. June Term, 1914.)

No. 622.

1. EXECUTORS AND ADMINISTRATORS ⬩49—ASSETS—LEASES—ROYALTIES.

Royalties under a coal lease are in the nature of purchase money of real estate, and the right to collect them vests in the personal representatives of the deceased lessor, and not in his heirs or devisees of the land.

2. EXECUTORS AND ADMINISTRATORS ⬩37(1)—ADMINISTRATION—ASSETS.

Where assets or choses in action are not administered by the executor of a decedent, the right to administration upon the death of such executor remains in the estate, and must be administered by an administrator de bonis non.

3. EXECUTORS AND ADMINISTRATORS ⬩37(1)—ADMINISTRATION—SETTLEMENT OF ESTATE.

Where the administration has been finally closed, and all accounts settled and all debts paid, there is no necessity for administration upon remaining assets, and the heirs may proceed to a collection of such assets without further administration.

4. WILLS ⬩559—DEVISES—CONSTRUCTION.

The husband's devise of all his estate to his wife carries with it his interest as lessor in a coal lease.

5. EXECUTORS AND ADMINISTRATORS ⬩37(1)—DECEDENT'S ESTATE—ADMINISTRATOR DE BONIS NON.

After expiration of 10 years all claims against an estate are presumed to be fully satisfied and settled, so that, in a proceeding to collect royalties on a coal lease due estate, administration de bonis non is not necessary, though the estate was not shown to be fully administered.

6. EVIDENCE ⬩67(1)—SETTLEMENT OF ESTATE—PRESUMPTIONS.

Where testatrix was entitled to share in a judgment for royalties under a coal lease, it will, until conclusively determined that all accounts have been settled and all claims of creditors discharged, be assumed that the estate is in process of settlement, and a release for payment of royalties must be given by executors of the testatrix and not the residuary legatees.

7. EXECUTORS AND ADMINISTRATORS ⬩37(1)—COLLECTION OF ESTATE—ADMINISTRATION DE BONIS NON.

Where there had been administration on the estate of one entitled as a lessor to share in royalties under a coal lease, but it nowhere appeared that the decedent's interest in the lease was in any manner disclosed as an asset, administration must be regarded as incomplete, and, six years not having elapsed between decedent's death and institution of action to collect royalties, administration de bonis non should be had, such administrator executing release for payment of royalties.

At Law. Action by James C. Birdsall and others against the Delaware & Hudson Company. On rule to show cause why a fi. fa. should not issue to enforce collection of judgment. Defendant directed, on submission of release as provided, to forthwith pay the judgment, fi. fa. to be issued in case of failure.

See, also, 216 Fed. 717.

S. B., C. B. & J. H. Price, of Scranton, Pa., for plaintiffs.

Jas. H. Torrey, of Scranton, Pa., for defendant.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WITMER, District Judge. Plaintiffs brought suit, on behalf of themselves and others interested in a coal lease with the Delaware & Hudson Company, for recovery of royalties, and, upon recovery of verdict and appeal to the Circuit Court, that court expressed the opinion that this court would afford proper protection to defendant by requiring proper releases from parties interested in the verdict, before payment. The amount of money to be paid is no longer in controversy. The question remaining has to do solely with the proper parties required to release defendant on payment of the verdict. The lease under which the royalties accrued, recovered, and represented in the verdict was between the defendant company and the following lessors, with undivided interests represented, to wit: (1) James Stott, eight-twelfths; (2) William S. Birdsall, one forty-eighth; (3) Charles E. Hackley, two-twelfths; (4) Maria L. Bailey, one-twelfth; (5) James C. Birdsall, one forty-eighth; (6) George H. Birdsall, one forty-eighth; (7) E. Louise Matthews, one forty-eighth.

The devolution of the interests of these parties, since the execution of the lease, October 24, 1890, has been admitted to be as follows:

1. James Stott died January 23, 1904, testate, leaving a will in which he devised all his estate to his wife, Mary Jane Stott, and made her sole executrix of his will. The will was duly probated in the register's office of Lackawanna county, and letters testamentary were issued to Mary Jane Stott. No inventory and appraisement was filed, nor was any account ever filed by the executrix, who treated the estate of her testator as her own, and paid the funeral expenses and such debts as were legally due.

Mary Jane Stott died June 7, 1914, testate, leaving a will in which she devised her residuary estate to Mary B. Manville and Lilian Jadwin, and appointed Robert A. Jadwin, Mary B. Manville, and Lilian Jadwin her executors. The will was duly probated in Lackawanna county, and the above-named persons were appointed her executors. No inventory or appraisement of the estate has been filed, nor have the executors filed any account.

2. William S. Birdsall died January, 1915, testate, leaving a will which was duly probated in the register's office of Wayne county, in which he appointed Willard J. Birdsall the executor of his estate. The will was duly probated by the register of wills of Wayne county, Pa., and letters testamentary were issued to said executor. There has been no distribution of the estate nor discharge of the executor.

3. Charles E. Hackley and wife, by deed dated November 8, 1909, recorded in Lackawanna county, in Deed Book No. 242, p. 221, conveyed his interest in the lease and royalties to George H. Birdsall, one of the original parties to the lease.

4. Maria L. Bailey died in Trenton, N. J., November 8, 1901, testate, her husband, Daniel L. Bailey, having died previously. She left a will in which she specifically devised the coal property near Olyphant, now being worked by the Delaware & Hudson Company, with the income from the same, and also all the residue of her property, to her daughter, Anna M. Lowthrop, and appointed her the executrix of her will. The said will was probated in the office of the surrogate

of Mercer county, N. J., and Anna M. Lowthrop was appointed executrix. No account was filed at any time by the said executrix.

Anna M. Lowthrop died in Trenton, N. J., November 17, 1910, testate, leaving a will in which, after making specific devises, none of which relate to the lease or the property therein described, she devised the residue and remainder of her estate to her nephews, Robert Bailey Matthews and William Matthews, who were appointed the executors of her estate. The will was duly probated in the office of the surrogate of Mercer county, N. J., and, Robert Bailey Matthews having renounced, William Matthews was appointed sole executor of the estate.

William Matthews is, and has for some years been, a resident and citizen of the city of New York in the county and state of New York.

William Matthews, as executor of the estate of Anna M. Lowthrop, deceased, filed an inventory of the estate about December 10, 1910, in which there was no specific reference to, or appraisement of, the property covered by the lease or the royalties arising therefrom. About August 11, 1911, William Matthews, as executor, filed his final account in the office of the surrogate of Mercer county, showing no receipts of moneys from royalties under the lease sued upon, which account showed as remaining in the hands of the accountant for distribution between Robert B. Matthews and William Matthews, the residuary legatees, $10,416.55. September 15, 1911, the said account was finally confirmed.. With said account there were filed releases of legacies and devises by all the specific legatees named in the will, and by Robert B. Matthews, one of the residuary legatees.

5. James C. Birdsall is still living and a party to this action.

6. George H. Birdsall died January 27, 1913, testate, leaving a will in which he devised his entire estate to Amanda V. Birdsall, his widow, and appointed her executrix of his estate. His will was probated March 18, 1913, in the register's office of Lackawanna county, and letters testamentary were issued to said executrix. No inventory or appraisement of property of the estate has been filed, and the executrix has filed no account. There has been no distribution of the estate.

7. E. Louise Matthews is still living, and is a party to this action.

The release tendered by the plaintiffs is acceptable to the defendant in so far as the same has to do with the interests originally represented by William S. Birdsall, Charles E. Hackley, James C. Birdsall, George H. Birdsall, and E. Louise Matthews. The dispute has arisen concerning releases covering the interests represented by James Stott and Maria L. Bailey, now deceased.

Counsel for plaintiffs has tendered the release of the lessor ultimate legatees, while defendant's counsel insists that their personal representative only can deliver a sufficient acquittance.

[1-3] It has been decided that royalties under a coal lease are in the nature of purchase money of real estate, and that the right to collect the same vests in the personal representatives of a deceased lessor, and not in his heirs or devisees of the land. Lazarus Estate, 145 Pa. 1, 23 Atl. 372; McFadden's Estate, 224 Pa. 443, 73 Atl. 927. It is equally well settled that, regarding assets or choses in action not administered by an executor of a decedent, the right to administration

upon such remaining assets, upon the death of such executor, remains in the estate, and must be administered by an administrator de bonis non. Wagner's Estate, 227 Pa. 460, 76 Atl. 215. However, the necessity of administration on such remaining assets, I am of opinion, depends upon the state of administration of the estate administered. If the administration has been finally closed, all accounts settled, and all debts paid, the heirs may proceed to a collection of such assets without further administration upon the estate. Hubbard v. Urton (C. C.) 67 Fed. 419.

[4, 5] Turning now to the several interests under consideration, it will be noted that James Stott died January 23, 1904, testate, devising all of his estate to his wife, Mary Jane Stott, appointing her also sole executrix. She took out letters, but made no effort to further administer the estate, and, after paying the funeral expenses and such debts as were brought to her attention, she treated the estate of her husband, left to her by his will, as her own, up to and until her death, June 7, 1914. That she was at the time of her death the sole owner of the estate bequeathed to her by her husband is not doubted. Her husband's interest in the coal lease being included in his devise of "all of his estate," she took the same subject only to such demands as the law had upon his estate, which, if not now actually discharged, are presumed to have been fully satisfied and settled. York's Appeal, 110 Pa. 69, 1 Atl. 162, 2 Atl. 65; Chapman's Appeal, 122 Pa. 341, 15 Atl. 460.

[6] When Mary Jane Stott died, her estate, under her will, passed to her executors, to be administered and divided as directed, subject also to all legal demands upon the same. Until it is conclusively determined that all accounts have been settled and claims of creditors discharged, it may be assumed that the estate is in process of settlement, and, until complete settlement has been made, it will not be possible to determine whether the residuary legatees receive any portion of these royalties, or, in fact, any other portion of the estate of their decedent. Therefore the executors, Robert A. Jadwin, Mary B. Manville, and Lilian Jadwin, and not the residuary legatees, are entitled to receipt for their decedent's interest in the judgment, and should be parties to the release on payment of the same by defendant.

[7] Following up the interest of Maria L. Bailey, the other original lessor whose interest is in dispute, it appears that she died testate November 8, 1901, her husband having previously died, specifically devising the coal property described in the lease and the income from the same, and all the residue of her property, to her daughter Anna M. Lowthrop, appointing her also executrix of her will. The will was probated in Mercer county, N. J., where she died, and no further steps appear in the administration of the estate. January 17, 1910, when Anna M. Lowthrop died, there was no necessity for further administration upon her mother's estate, as heretofore stated, and the estate devised to the daughter, Anna M. Lowthrop, was settled and had absolutely vested. Since then the estate of Anna M. Lowthrop was administered by her executor, William Matthews, who also made distribution and took releases. It nowhere appears that the interest

of the testatrix in the coal lease represented here in this judgment formed part of the estate administered, or that it was in any manner disclosed as an asset of the estate. The conclusion follows that it was not administered, and to this extent the administration may be regarded as incomplete. It therefore follows that ancillary administration d. b. n. c. t. a. should be raised upon the remaining estate of decedent arising from the coal lease in this district, and that such administration should receipt for and release decedent's proportionate part of the judgment.

It is therefore ordered and directed that when the release submitted is amended in accordance herewith, being duly executed and tendered, that the defendant shall forthwith pay the judgment recovered to the several parties as their interests may appear, or to their duly appointed attorney, together with interest and all accrued costs. On failure to make payment, the rule granted to show cause why a fi. fa. shall not issue to enforce collection is made absolute.