## Mickelson's Estate.

*Lionel Teller Schlesinger*, for exceptions.

PER CURIAM, May 26, 1930.—When the account was called for audit, counsel requested that distribution be made to those inheriting from the next of kin, rather than to the administrator of the next of kin. The next of kin was the mother of decedent; she had died Jan. 1, 1929, intestate, and no administration had been raised.

The Auditing Judge made the award to the personal representative of the mother as next of kin.

This ruling was correct, not only under the law, but also because of our uniform practice.

There are and have been cases where, for instance, more than six years have elapsed, or where the estate of the next of kin has been settled, awards have been made directly to those entitled through the next of kin; but these cases are exceptions to the general rule and are dependent on their own peculiar facts. See Stokes's Estate, 18 Dist. R. 236; Garman's Estate, 211 Pa. 264, and adjudications of this court, particularly Coll's Estate, as of October Term, 1927, No. 3070.

In the instant case, however, because of the comparatively recent decease of the next of kin, such awards would be improvident, if not improper.

Accordingly, all exceptions are dismissed and the adjudication is confirmed absolutely.