Llewellyn V. Roberts, et al.
vs.
Phyllis B. Garbett, et al.

Eq. No. 12132.

November 22, 1933.

BAKER, P. J. Heard on demurrer to the amended bill of complaint.

In this case a large number of complainants, only one of whom is a resident of this State, filed a bill of complaint against three individuals, who are non-residents, and the Pawtucket Institution for Savings. The last named respondent has demurred to the bill and the other respondents have not answered in any manner.

In substance the bill alleges that one John Roberts, late of Brooklyn in the State of New York, died on November 7, 1919, and that his brother, James Roberts, died July 10, 1927. It further appears that letters of administration were granted on the estate of said John Roberts by the Surrogate's Court of Kings County, New York, to the said James Roberts on November 12, 1919.

There is a further allegation that all the debts of said John Roberts have been paid and that the said estate was duly administered and a final decree was entered by said Surrogate's Court on December 23, 1921. It is then alleged that the said John Roberts, during his lifetime, on December 3, 1890, made a certain deposit with the respondent, the Pawtucket Institution for Savings, as a joint account payable either to said John Roberts or to said James Roberts, or to the survivor of them, and that said deposit has remained in said bank, having been increased by one additional deposit, up to this date. It is next alleged that all the complainants and the three individual respondents are all the heirs-at-law of the said John Roberts. It is also stated that these deposits in question were at all times the property of the said John Roberts and that the said James Roberts never had knowledge of said funds and never had any control over them. By way of amendment the bill also alleged that all the parties in interest are of full age.

The bill then asks that the respondent, the Pawtucket Institution for Savings, be declared the trustee of said deposit for the benefit of the estate of said John Roberts and for the benefit of his heirs-at-law, and that the said respondent be directed to deliver said funds to such person or persons as are properly entitled thereto.

The demurrer is substantially on two grounds: first, that the complainants have an adequate remedy at law, and, second, that this Court has no jurisdiction to entertain a bill of this type.

It is clear from an examination of the pleadings that the bill is brought merely to obtain a decree of distribution of the fund held by the respondent bank.

An examination of the authorities seems to show that in some jurisdictions equity retains complete control of probate matters. In others, by statute all probate jurisdiction has been taken away from the equity court. In a large number of states, the jurisdiction theoretically is considered concurrent between the equity and the probate court but practically the jurisprudence over the estates of deceased persons is handled by probate courts.

> Pomeroy's Equity Jurisprudence, 4th ed. Vol. 1, Par. 347-350;
>
> Woerner's Law of Administration, 3rd ed. Vol. 3, p. 1745.

To these general principles the doctrine also has been developed that in certain cases involving the handling of estate and probate matters, equity will take jurisdiction where questions peculiar to equity procedure are involved, such as fraud, accident, mistake, undue influence, trusts, and the like.

It is also commonly held that where equity has once accepted jurisdiction for any of these purposes suggested, then it would retain the same to make a distribution of the funds involved. These general doctrines have apparently been recognized in this State.

In *Blake* vs. *Butler*, 10 R. I. 133, it was held that while there may be concurrent jurisdiction between a court of equity and the probate court in certain instances, the Court first taking jurisdiction must adjudicate exclusively.

See also

> *Daboll* vs. *Field*, R. I. 266;
>
> *Mallett* vs. *Dexter*, 7 *Curtis* 178;
>
> *Allen* vs. *Simons*, 1 Curtis 122.

In support of their contention that this Court should take jurisdiction herein, the complainants have cited to the Court several cases. An examination of these authorities will show a good many of them are distinguishable from the case at bar. It appears to be well settled that heirs of a deceased person may agree among themselves in the division of an estate, provided that all the debts are paid and provided further that no outside party is interested. In the case now before the Court, the respondent, the Pawtucket Institution for Savings, which is the holder of the fund in question, is interested in two important respects, first: that the fund be distributed only to the person or persons entitled to it, and, second: that it be freed of any likelihood of being called upon to pay out the fund, or any portion of it, a second time. Another type of case called to the Court's attention by the complainants in which equity has taken jurisdiction, is where there is but one heir and, therefore, only one claimant to the fund involved. The general principle seems to be that the appointment of an administrator to make distribution only is not necessary when there are no debts, or when the debts are all paid or barred, if the entire estate goes to one person or if all the heirs agree upon a distribution among themselves without involving the rights of any third person.

> C. J., Vol. 23, p. 1002.

This general principle has been recognized in this State in the case of

> *Hatton* vs. *Howard Braiding Co.*, 47 R. I. 47.

There are authorities which apparently support the complainants' position herein, to the full extent.

> *Teal et al.* vs. *Chancellor*, 117 Ala. 612;
>
> *Birdsall et al.* vs. *Delaware & H. Co.*, 244 Fed. 594.

The question appears to be presented herein whether or not this Court, under all the circumstances disclosed by the bill, ought to take jurisdiction and

decree a distribution of the fund, or whether the complainants should be required to go into the probate court to obtain possession of this money.

We have in this State a well rounded probate system and jurisdiction which has developed from statutes which have been in force for many years. It has been the general custom and practice to dispose of probate matters in probate courts and not in the equity court. It would seem as though the complainants could apply to the probate court of the City of Pawtucket for relief in this matter.

See Sec. 3, Chap. 358 Gen. Laws of R. I. 1923.

If the parties herein were compelled to go outside the State to secure possession of this fund which is within the State, this Court might feel that it should accept jurisdiction. Nothing in the facts alleged in the bill appears to raise any question which involves peculiarly equitable jurisprudence. The bill is merely to bring about a distribution of the fund involved, which is a portion of the estate of a deceased person.

There may be some question as to whether the burden should be thrown on the respondent bank, which is merely a *stakeholder, of satisfying itself* and the Court that the money was being distributed to the proper persons. It would seem on the whole that this could be more satisfactorily done through the services of an administrator under bond.

After careful consideration, the Court has come to the conclusion that this is not a case where equity should take jurisdiction and that the complainants have an adequate remedy in the *probate courts of this State.*

The demurrer is sustained.

For complainants: Atwood, Remington, Thomas & Levy.

For respondents: Lellan J. Luck.