## Mest, Admr., v. Seidel, Admr.

*Thomas K. Leidy, S. E. Bertolet,* and *J. W. Bertolet,* for plaintiff.

*Harvey F. Heinly,* for defendant.

MAYS, J., March 19, 1941.—Plaintiff alleges that he is the administrator d. b. n. c. t. a. of the estate of Cornelius

S. Lutz, deceased; that defendant is the administrator of the estate of Sallie W. Lutz, who died on October 28, 1939; that said Sallie W. Lutz was the executrix of the last will and testament of Cornelius S. Lutz, deceased; that upon the death of Sallie W. Lutz, executrix as aforesaid, defendant filed an account in the estate of Cornelius S. Lutz, deceased, which was audited by the orphans' court, and the balance found to be due, viz, $517.69, was distributed to the parties respectively entitled thereto.

Plaintiff conceives it to be his duty to proceed to recover the amount so adjudicated and distributed so that he may enforce and compel payment of the respective sums coming to the distributees.

Defendant in his affidavit of defense substantially admits all the allegations, but avers that he is advised by counsel that plaintiff has no right or interest in the amounts of said distribution and therefore no right to recover same.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

The judgment here sought is in effect a judgment on demurrer, and like such judgments it must be self-sustaining on the face of the record. The statement of claim is not self-sustaining. It does not set forth a good cause of action.

In Allen et al. v. Irwin et al., 1 S. & R. 549 (1815), Tilghman, C. J., considered it doubtful that an action by the administrator d. n. b. would lie against the administrator of the executor. He said that there was no privity between the executor and the administrator d. b. n. He gave it as his opinion that it would be desirable that the law should be made clear by an act of assembly.

The Act of February 24, 1834, P. L. 73, sec. 31, did empower an administrator d. b. n. to recover from his predecessor in the administration, or his legal representatives, all moneys, goods, and assets remaining in his hands, due and belonging to the estate of decedent.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 3(e), 20 PS §353, is much to the same effect and provides that administrators d. b. n., with or without will annexed, "shall have power to demand and recover from their predecessors in the administration, or their legal representatives, all moneys, goods, and assets remaining in their hands due and belonging to the estate of the decedent . . ." A stay of proceedings is then provided for on defendants' filing an account; "and, on the production of a certified copy of said account, so settled and confirmed, the court in which such suit shall be pending is hereby authorized and required to render judgment for the balance which shall thereby appear to be due to either party."

It appears that defendant has filed an account and that it was adjudicated. We do not rely upon the fact, although we do point it out, that plaintiff did not produce a certified copy of said account. This, however, is important—that the copy of the account set forth in plaintiff's statement, instead of making it appear that there is anything due the plaintiff, definitely shows that the orphans' court has adjudicated various amounts to various persons, and if the money is due to anyone it is due to them.

Solly, P. J., in Estate of Mary Ann Davis, 32 Montg. 180, 182, said:

"The Act of February 24, 1834, Section 31, P. L. 73, empowers an administrator d. b. n. to recover from his predecessor in the administration, or his legal representatives, all moneys, goods, and assets, remaining in his hands and belonging to the estate of the decedent, but it does not authorize him to compel delivery of possession of the assets of the estate until an account has been filed disclosing what part of the estate still remains unadministered in the hands of the former legal representative. It is the balance of the estate, thus ascertained, that may be recovered from the former legal representative of the decedent." And again: "The converted estate is ready for

distribution to the legatees. Why, therefore, should this $650.33 be paid to these administrators merely for future accounting by them, and distribution to the legatees?"

In Garman's Estate, 211 Pa. 264, Justice Elkin, in referring to section 31 of the Act of February 24, 1834, P. L. 73, and in refusing to turn over a certain fund to the administrator d. b. n., said (p. 266) :

"If the award is so made, then this appellant must file the same account in the same court, and the same court will be asked to make a distribution among the same parties. Certainly the provisions of said act relative thereto do not require such a meaningless thing to be done. There must be a finality to such proceedings, and in this case all that part of the estate ready for distribution should be considered as settled . . ."

In Wagner's Estate, 227 Pa. 460, Justice Mestrezat, citing Garman's Estate, supra, says (p. 465) :

"An administrator de bonis non has a right to the possession of such property and funds, unless distribution is the only matter necessary to complete the administration of the estate . . ."

Surely these expressions of the Supreme Court are equally applicable to the Fiduciaries Act of June 7, 1917, supra. Fleming, P. J., in Snyder's Estate, 26 D. & C. 353, 359, so held.

Penrose, J., in Gillespie's Estate (No. 3), 14 Dist. R. 870, said: "We think, however, that the amount found to be due by the decedent, by the adjudication of his account as administrator of his wife, should have been awarded directly to the distributees and not to her administrator *d. b. n.* . . . . The award to the administrator *d. b. n.* would have no other effect than to cause circuity and delay and the subjection of the owners of the estate to unnecessary expense."

And now, to wit, March 19, 1941, the rule is discharged.