## Kelly's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*J. C. Murtagh*, of *Townsend, Elliott & Munson*, for preliminary objections.

*J. R. Morgan* and *F. R. Buchanan*, contra.

PER CURIAM, November 27, 1942.—Preliminary objections have been filed to a petition of the executrix of a deceased fiduciary for a citation against a trust company, in whose vaults are contained certain assets of the estate, to show cause why such trust company should not permit the removal of the securities into the possession of the executrix. The decree states that this removal is "subject to the approval of [the surety company]". No such approval appears of record. The petition appears to be joined in by all the distributees. The alleged purpose of this delivery is stated to be "that [the executrix of the deceased fiduciary] may account for the same and make distribution thereof. . . ." Respondent, by the preliminary objections, questions the status of petitioner to require possession of such assets.

As there is no consent by the surety to such delivery, this would seem to end any question as to the right of petitioner to possession of the assets. An executor of a deceased executor is in no case deemed executor of the first testator: Fiduciaries Act of June 7, 1917, P. L. 447, sec. 3 (*b*), 20 PS §350; Grimes, Executrix, v. The Pennsylvania Railroad Co., 189 Pa. 619. Where, for any reason, it is deemed expedient, additional bond by the personal representative of a deceased fiduciary is

within the discretion of the register: Fiduciaries Act, supra, sec. 8 (*e*), 20 PS §407. It is the duty of the executor of the deceased fiduciary to file an account: Garman's Estate, 211 Pa. 264; Wagner's Estate, 227 Pa. 460. The personal representative of a deceased fiduciary has no power to transfer securities standing in the first decedent's name: Taylor's Estate, 24 Dist. R. 388. The question is ably discussed by Trimble, P. J., in Flinn's Estate (No. 1), 66 Pitts. L. J. 81, wherein it is decided that petitioner possesses no such right of possession. See Flinn's Estate (No. 2), 66 Pitts. L. J. 83.

As it was conceded at the argument that petitioner has full access to the box, in order to obtain the necessary data for accounting, it would appear that petitioner's duty is clear. She should file an account of her fiduciary's administration of this estate without further delay, and await the award and decree of the auditing judge, possession of the securities meantime to remain in the safe deposit box.

For these reasons the preliminary objections are sustained.