# Page's Estate.

*Will—Construction—Children.*

Where a testator directs that the income from a specified share of his
estate shall be paid to a nephew for life, and after his death such share
should go "to and among any child or children of him the said . . . .
living at the time of his death absolutely and in fee simple," the chil-
dren of the nephew living at the time of the latter's death are entitled
to the principal of the share to the exclusion of the children of de-
ceased children of the nephew.

Argued Jan. 13, 1910. Appeal, No. 355, Jan. T., 1909, by
Hartman R. Breuil, Jr., by his guardian, The Pennsylvania
Company for Insurances on Lives and Granting Annuities,
from decree of O. C. Phila. Co., Oct. T., 1880, No. 313, dismiss-
ing exceptions to adjudication in Estate of George W. Page,
deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER,
ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that George W. Page died on
January 21, 1875. Under the terms of his will he divided his
residuary estate into six parts, and created trusts as to each
part. As to the trust for two-sixths part he directed that the
income should be paid to his nephew, James F. Breuil, to and
for all the term of his natural life, and from and immediately
after the decease of his nephew James F. Breuil, then in trust,
"to grant, distribute and convey the full two-sixths part of
my said residuary estate to and among any child or children of
him the said James F. Breuil living at the time of his death
absolutely and in fee simple."

At the time of the death of George W. Page, the nephew,
James F. Breuil was living. There were also living at that
time Frank Breuil and Hartman Breuil, children of James F.
Breuil. James F. Breuil died April 21, 1909, leaving Frank
Breuil surviving. Hartman Breuil, the other son, died Au-
gust 11, 1908, leaving surviving Hartman R. Breuil, Jr.

Hartman R. Breuil, Jr., claims one-half of the said balance of principal estate; that the word " children," as used by the testator, included " grandchildren." The auditing judge refused the request to award one-half of the estate to Hartman R. Breuil, Jr.

Exceptions were filed on behalf of the said Hartman R. Breuil, Jr., by his guardian, the Pennsylvania Company for Insurances on Lives and Granting Annuities, which were dismissed at the end of an opinion filed by PENROSE, J., which was as follows:

Campbell's Est., 202 Pa. 459, was not intended to change the well-settled principle of interpretation that in the absence of evidence of a contrary intention afforded by the will itself a gift to " children" will not be understood as including any more remote class of descendants. The will in that case gave vested estates to the children of the first takers, a daughter of the testator, subject to a limitation over to his other " children," per stirpes, if she should die without leaving " children"; and as conditions subsequent, terminating a vested estate, are construed most strongly in favor of the first taker and against forfeiture, and if in any permissible sense of the words of the condition there has been no breach, that view will be adopted by the court, it was held that the gift to the other children of the testator did not take effect if a grandchild of the daughter survived her. The will in the present case differs most radically from that in Campbell's Estate. The estate of those entitled at the termination of the life estate is contingent, purely. The gift is to the " children" of the first taker, living at the time of his death; and being his " child" is no less an integral part of the description of the person then becoming entitled than is the fact of being then alive.

It may be added that the provisions with regard to the devolution of the other shares of the testator's estate are entirely different from what is said as to the shares of the nephew, and " where a testator uses a different word or phrase he will be presumed to have a different meaning."

Exceptions dismissed and the adjudication confirmed absolutely.

*Errors assigned* were in dismissing exceptions to adjudication.

*Frank P. Prichard,* with him *Henry P. Brown,* for appellant.

*George Wharton Pepper,* with him *James F. Hagen,* for appellee.

PER CURIAM, February 21, 1910:

The order of the court dismissing exceptions and confirming the adjudication is affirmed on the opinion of the learned president judge of the orphans' court.