# Estate of Isaiah V. Williamson, Deceased.

*Wills—Construction—Legacy to grandchildren held not to include great-grandchildren—Clause directing liberal construction.*

A devise to grandchildren will not be construed to include "great-grandchildren," children of deceased grandchildren, unless it clearly appears from the context to have been the meaning of the testator or unless the will would otherwise be inoperative.

Testator gave to each of the children and issue of deceased children of his three brothers and two sisters income of $60,000 for life, with remainder at the death of each to his or her issue attaining twenty-one years, provided that, if any child die without leaving issue living at the time of his or her death, the principal should be divided among the grandchildren of his other brothers and sisters then living per capita and not per stirpes, to be paid on their attaining twenty-one years. One of the life tenants died without leaving issue. Under such circumstances, the ruling of the court below to the effect that the fund should be distributed among the living grandchildren of the other brothers and sisters to the exclusion of

444, (1923).]    Syllabus—Opinion of Court below.

great-grandchildren, children of deceased grandchildren, will not be disturbed.

A clause inserted in a last will and testament to the effect that the said last will and testament shall receive a liberal construction will be disregarded where it does not have any special relevancy to a question based upon the interpretation of specific portions of the will.

Argued October 9, 1923.    Appeal, Nos. 121, 122, 123, 124, 125, 126, 127, 128, 129, 253, 254, 255, Oct. T., 1923, by Mary Denckla Packard, Pauline Denckla Cannon, C. Paul Denckla, Patty Denckla, Paul Denckla Howe, Arthur Whitney Howe, Jr., Williamson Howe, Rosemary Howe, John Howe, Philadelphia Trust Company, Guardian of Henry W. Ghriskey, Lillian W. Ghriskey and Susan W. Ghriskey, from decree of O. C. Phila. Co., Jan. T., 1890, No. 484, dismissing exceptions to adjudication, upon the distribution of a trust fund under the terms and provisions of the last will and testament of Isaiah V. Williamson, deceased.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication upon distribution of fund.

The essential facts are stated in the following opinion of GEST, J.:

The testator gave to each of the children and issue of deceased children of three brothers and two sisters the income of $60,000 during life with remainder at the death of each to his or her issue on attaining the age of twenty-one years, provided that if any child die without leaving any issue living at the time of his or her death the amount of principal, namely sixty thousand dollars, should be divided among the grandchildren of his other brothers and sisters then living per capita and not per stirpes to be paid on attaining the age of twenty-one years.    One of these life beneficiaries died without leaving any issue, and the auditing judge held that the distribution should be confined to the living grandchildren

of the other brothers and sisters excluding great-grand-children who are the children of certain deceased grand-children.

The question thus raised is a narrow one and suscep-tible of argument. Undoubtedly there are decisions in which the word "children" has been construed to include "grandchildren," and the same rule would apply so as to include "great-grandchildren" under the designation of "grandchildren," but such a broad interpretation will not be given to the bequest, unless it clearly appears from the context to have been the meaning of the testator or unless the will would otherwise be inoperative. Dick-inson v. Lee, 4 Watts 82; Hallowell v. Phipps, 2 Whar-ton 376; Castner's App., 88 Pa. 478. In Campbell's Est., 202 Pa. 459, a broader interpretation was given to the word "children" as the Supreme Court held that the will sufficiently disclosed the manifest intent of the testator. This case was explained in Page's Est., 227 Pa. 288, as not intended to infringe upon the general rule; and it may be noted that the bequest in Campbell's Estate was to lineal descendants of the testator, and not to collater-als as in Page's Est., 227 Pa. 288.

We have examined the provisions of the will with care in order to discover if possible any intention of the tes-tator that the great-grandchildren of his brothers and sisters should share in this bequest, as included under the designation of "grandchildren." The words "chil-dren," "grandchildren" and "issue" are used with great frequency, and in some places without much discrimi-nation. A comparison, however, of the clauses wherein these words occur indicates that the broader term of "issue" is qualified and restricted by the words "grand-child" or "grandchildren" rather than the converse. Thus, in the second clause, in which the remainders are given to the issue of children of brothers and sisters, the testator, in more than one instance, qualifies the word "issue" by the parenthetical explanation that he intends "grandchildren," and he does the same in the third clause

providing for the children of his brother John; and in the fourteenth clause he refers to such of his grand-nephews and grand-nieces "who shall then be living, as are the issue of my brothers and sisters"; and other passages in the will might be referred to, but enough has been said to show that the testator had no manifest intention, as required by the decisions, to include great-grandchildren in this alternative bequest under consideration.

We are not at all bound by the adjudication of Judge ANDERSON in 1912, when, on the death of another grandchild without issue the distribution was awarded among grandchildren and a child of a deceased grandchild. Kellerman's Est., 21 D. R. 521; 52 Sup. 412; 242 Pa. 3, is directly in point. The prior auditing judge was of opinion that the ordinary rule of interpretation was narrow and harsh, but we do not so consider it. After all, the question concerns the intention of the testator, and, certainly, if he refers to children or to grandchildren, he cannot, in the absence of a controlling context, be supposed to mean, in the first case, grandchildren, and, in the second case great-grandchildren. There can be presumed no intention in the case of collaterals at least to benefit descendants ad infinitum. The Intestate Acts, both that of 1917 and the prior act, do not do so, for first cousins take to the exclusion of second cousins where there is no living grandparent: Mile's Est., 272 Pa. 329, nor is representation admitted among collaterals after the grandchildren of brothers and sisters.

Nor has the desire of the testator, as expressed in item 17 of the will, that it "shall receive a liberal construction, to the end that my general purpose may not be prevented by any narrow or conflicting sense which might be given to any special expressions." This clause, inserted, as it is, among the directions of the testator as to the powers of his executors, and to a possible deficiency in the estate, and the order of abatement of legacies, probably refers to these matters; but, however

448 ESTATE OF ISAIAH V. WILLIAMSON.

Opinion of Court below—Opinion of the Court. [82 Pa. Superior Ct.

that may be, we do not think the clause has any special relevancy to the present question.

The exceptions are dismissed and the adjudication is confirmed absolutely.

The orphans' court dismissed the exceptions. Exceptants appealed.

*Errors assigned* were the decree of the court and its action in dismissing the several exceptions.

*Joseph Ewing* and *Franklin E. Barr,* and with them *C. Berkeley Taylor, William E. Mikell, Jr.,* and *Saul, Ewing, Remick & Saul,* for appellants.

*George Ross* and *Thomas Ross,* for appellee.

PER CURIAM, November 19, 1923:

Upon full consideration of the questions raised by these appeals we are satisfied that the court below correctly interpreted the clause of the will in litigation, and the decree appealed from is affirmed, at the costs of the appellants, upon the opinion of the orphans' court dismissing the exceptions to the adjudication.