## Gross Estate

Before Klein, P. J., Bolger, Hunter, Lefever and Saylor, JJ.

596

598

600

*Charles L. Guerin, Jr.*, for exceptants.

*Charles F. Phillips*, contra.

HUNTER, J., June 20, 1952.—The fund in controversy has been held in trust for Maggie A. Hicks, the last survivor of testatrix's seven children, and the account is filed because of her death. The will provides:

"Should any of my said daughters die either before me or after my decease leaving a child or children, or should any of my said sons die before my decease leaving a child or children, then I direct that such child or children shall take the share of his, her or their parent, the same as if such parent survived me; in each and every such case the share of such child or children to be held in trust by the said Provident Life and Trust Company, with power and authority as hereinbefore

set forth, until such child or children, shall have arrived at majority, when the share of such child or children, issue of such deceased son or daughter, shall be paid to him, her or them absolutely. Should any of my said daughters die after my decease leaving no children, then I direct that her share of my estate shall be divided, and distributed to my sons or held in trust for my daughters or grandchildren, in the same manner in the same proportions, and upon the same trusts, as if I have survived her as hereinbefore set forth."

It is conceded that this remainder at the death of a daughter is contingent and only those remaindermen who survived the life tenant may take.

Maggie A. Hicks left no children to survive her. She did leave three grandchildren (great-grandchildren of testatrix) : John F. G. Hicks, Mary M. H. Ammons and Harry G. Hicks, the children of a deceased child.

The right of these three grandchildren to the share of Maggie A. Hicks is denied by Nina Trau Mateer, exceptant, who contends that "child or children" must have its ordinary and usual meaning, and as the life tenant died without leaving "child or children", the fund passes by virtue of the gift over to the "child or children" of the other sons and daughters of testatrix, who are the exceptants, the child of a deceased daughter, entitled to one half, and Clyde L. Gross, Jr., Kathryn Gross and Jean G. Townsend, the children of a deceased son, each entitled to one sixth. The other sons and daughters of testatrix died without issue.

The auditing judge found that testatrix intended "child or children" to mean "issue", and awarded the fund to the three grandchildren of Maggie A. Hicks.

It is undoubtedly the rule, as stated by Judge Gest in Williamson's Estate, 82 Pa. Superior Ct. 444, that a bequest to "children" will not be given the broad interpretation of grandchildren or issue unless it

clearly appears from the context to have been the meaning of testator, or unless the will would otherwise be inoperative.

However, recent decisions have given liberality of construction to the words of a will where testator's scheme was clearly that of a family or per stirpes distribution among lineal descendants at the termination of a trust, and there was a reasonable indication of an intention to send testator's estate "down in the line of his blood."

There is a presumption of equality among lineal heirs, and their disinherison is considered an unnatural and inequitable distribution not to be recognized unless the language of the will unequivocally requires it: Clark Estate, 359 Pa. 411.

Campbell's Estate, 202 Pa. 459, in its language and facts is strikingly like the case at bar. The shares of daughters, at their decease, were given to their "children", and should either daughter die without leaving any "children" surviving, there was a gift over to her surviving brothers and sisters and the "children" of such as may then be dead per stirpes. A daughter died leaving none but three grandchildren, the children of a deceased child.

It was held that the whole provision in the will showed that testator used the language of the gift over in the sense of "decease without leaving any *issue* surviving."

In Disston Estate, 349 Pa. 129, the bequest in remainder upon the death of a surviving son was to "grandchildren then living, *per stirpes* and not per capita".

In Ziegler Estate, 356 Pa. 93, the estate was divided among testator's children *or their lawful heirs*, and if one daughter of a deceased son should die without "children", her share shall fall back to testator's other children *or their lawful heirs*.

In Clark Estate, 359 Pa. 411, supra, upon the death of all children of testator, the estate was given to their living children *per stirpes, by representation of their parents* and not per capita.

In the three cases last cited "children" or "grandchildren" was construed in the sense of "issue", and all living descendants of testator were admitted to the distribution.

It should be stated also that in Williamson's Estate, 82 Pa. Superior 444, supra, the persons excluded were remote collaterals, the great-grandchildren of brothers and sisters, which distinction was made by Judge Gest when he said (p. 446) : "It may be noted that the bequest in Campbell's Estate (supra) was to lineal descendants of the testator."

Reading again this testatrix's will we find an equal division among her children, the sons receiving their shares outright, and the daughters being protected by the retention of their shares in trust. The question is, has this scheme of family distribution been disturbed by testatrix's use of the narrow word "children", particularly in the gift over of the share of Maggie A. Hicks, the execution of which would disinherit her grandchildren in favor of other branches of the family which had already received full shares?

In our opinion the meaning which testatrix ascribed to the word "children" is found in her description of them as "such child or children, *issue* of such deceased son or daughter" (italics supplied) who should receive their shares at majority.

We agree with the auditing judge in the conclusions of his well written adjudication that testatrix intended "child or children" to mean "issue", and that the fund should be distributed to the three grandchildren of the life tenant.

The exceptions are dismissed and the adjudication is confirmed absolutely.