# Dickinson *against* Lee.

Where it is necessary to effectuate a manifest intent, grandchildren may take by the designation of children ; but a bequest of a residue "to be divided amongst all my children, their heirs or assigns, in equal shares," will not include the children of a deceased son of the testator.

ERROR to the common pleas of *Berks* county.

Joseph Dickinson and wife brought this action for a legacy against the executor of Isaac Lee deceased. William Lee was a son of, and died before the testator, leaving children, to one of whom the plaintiff was married ; and the only question in the cause arises out of the construction of the last clause of the following will of Isaac Lee deceased :

" Item. Further it is my will and I direct, that all the rest and remainder of my land and real estate shall be sold by my executors hereafter to be named ; and the proceeds thereof, as well as the 2000 dollars to be paid by my son Jeremiah above mentioned, shall be divided as follows, to wit :

"Item. To my son Anthony, 20 dollars, as his full portion, share and legacy, out of all my real and personal property.

" Item. 600 dollars shall be left in the hands of my executors, for the use of my daughter-in-law, Mary Lee, wife and widow of my son William deceased, out of which the interest shall be paid to her yearly, and every year during the natural life of William Lee, son of my son William ; and after his decease, it shall be divided

[Dickinson v. Lee.]

amongst his brothers and sisters, and his mother, in equal shares, share and share alike, if she should survive him; if not, then amongst his brothers and sisters, their heirs or assigns.

"Item. To my son Nathan 500 dollars, to him, his heirs or assigns: and also to my daughters, Jane Hannis, intermarried with Robert Hannis; Aby Cherington, widow of William Cherington deceased; Ann Sterret, intermarried with William Sterret; and Sarah Whall, intermarried with Ebenezer Whall; to each respectively the sum of 500 dollars, to them, their heirs or assigns.

"Item. If any should be left, and what is left, after the above and within mentioned sum and sums are paid, that shall be divided amongst all my children, their heirs or assigns, in equal shares, share and share alike, except my two sons, Jeremiah and Anthony: their full portions shall be what is to them bequeathed heretofore mentioned."

The court below (Malony, president) was of opinion, that the plaintiff was not entitled to recover; and rendered a judgment accordingly.

*L. Wharton* and *Jones*, for plaintiff in error, cited, 1 *Roper* 100; 2 *Rawle* 32; Pemberton *v.* Parke, 5 *Binn.* 601; Lewis *v.* Fisher et al., 2 *Yeates* 196; Lessee of Smith *v.* Folwell, 1 *Binn.* 559; *Gord. Law Dec.* 53.

*Smith,* contra; cited, 1 *Roper* 69; 3 *Bro. Ca.* 367; Lessee of Smith *v.* Folwell, 1 *Binn.* 546; 1 *Roper* 128.

The opinion of the Court was delivered by

GIBSON, C. J.—Where it is necessary to effectuate a manifest intent, grandchildren may undoubtedly take by the designation of children, though that is by no means the legal acceptation of the word. They are suffered to do so principally, if not exclusively, in two cases: where the word is used evidently as co-extensive with issue, which is a word of very general import; and where there are no children literally to answer the description, and then grandchildren are let in *ut res magis valeat quam pereat.* Here the testator had children, and there is no room to declare the grandchildren entitled on that ground. Then as to the description in other respects. The residue is ordered to be divided among all the testator's "children, their *heirs* or assigns in equal shares, share and share alike." There is but one word in this (heirs) that can, by any construction whatever, have the remotest relation to the children as constituting separate stocks; and that word, used as it is without words of restriction, is too general to be equivalent to issue, as it would equally let in collaterals. It is, however, coupled with a word (assigns) which, if it is to have any effect at all, certainly cannot be a restrictive one. Even putting that difficulty aside, there is another, and a more formidable one, in the nature of the office these two words were evi-

[Dickinson v. Lee.]

dently intended to perform.    To speak analogically, they were used as terms, not of purchase, but of limitation; or at least of perpetuity, to *indicate that the bequest was in full property.*    This being their apparent meaning, there is no reason to strain them, in order to let in parties in whose favour there does not seem to have been a clear, plain and manifest intent.

Judgment affirmed.