Estate of George Fitler, deceased. Appeal of David Fitler, Administrator of the Estate of Samuel Fitler, deceased.

*Decedent's estate—In absence of creditors heirs may distribute among themselves.*

The mere legal estate passes to the administrator of a decedent, the equitable descends upon the parties entitled to distribution. If there be no creditors, the heirs have a complete equity in the property, and if they choose, instead of taking out letters, may distribute it by arrangement made and executed amongst themselves.

*Decedent's estate—Distribution by family settlement—Presumption as to nonexistence of creditors.*

George, a son, the decedent, owed his father, Samuel, $2,000, represented by four bonds of $500. The son's widow as administratrix of her husband paid his four brothers $100 each on account of above debt in anticipation of distribution, and received two bonds, one in consideration of the payment, and one for services rendered by her individually to Samuel's wife. No letters were taken out on the estate of the father, until sixteen years after his death and long after the above family settlement, when one of the sons administered. The account of George's estate showed a balance of $478.51. The father's administrator recovered judgment

against the administratrix of his brother George for the $1,000, and sought to recover the full amount of the balance shown by her as administratrix of George. *Held*, that the decree against the administratrix was properly limited to the amount shown to have been in her hands, as such, less the $400 paid in distribution under the family settlement to the sons surviving the father, or in fact to $78.51, and that the lapse of sixteen years, with other circumstances, raised a presumption of the nonexistence of creditors of the father Samuel, which sustained the family settlement by way of informal distribution.

Argued Dec. 7, 1897. Appeal, No. 66, Oct. T., 1897, by David Fitler, administrator of the estate of Samuel Fitler, deceased, from decree of O. C. Schuylkill Co., Jan. T., 1897, No. 1, in distribution. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Exceptions to adjudication. Before DUNN, P. J.

It appears from the record that the question arose at the audit of the first and final account of Sarah Fitler, administratrix of the estate of George Fitler, at which audit David Fitler, as the administrator of the estate of Samuel Fitler, claimed the balance of $478.51, shown by the accountant to be in her hands. The court, DUNN, P. J., allowed the accountant credit for $400 theretofore paid to the heirs of Samuel Fitler, deceased, in pursuance of a family settlement, and awarded the balance, only $76.01, to the administrator of Samuel Fitler.

Other facts appear in the opinion of the court.

*Errors assigned* among others were (1) In dismissing the exception taken by the appellant to the adjudication, which was as follows : " The court erred in not regarding the judgment obtained by David Fitler against Sarah Fitler as final and conclusive between the parties." (2) In permitting accountant, under objection from appellant, to submit evidence in support of the following offer of accountant's counsel: Mr. Gerber: " I propose to prove by cross-examination of this witness, and by such other evidence as may be produced hereafter, that Sarah Fitler, the administratrix in this estate, paid to the heirs of Samuel Fitler, out of the personal funds in her hands, as administratrix of the estate of George Fitler, deceased, the sum of $400; that that sum was paid on account of the distributive shares of the four heirs of David Fitler (Samuel Fitler), and

that said sum was paid prior to the recovery of judgment in this suit, and on a bond given by George Fitler to Samuel Fitler, which said bond was surrendered to the said Sarah Fitler at the time that the said $400 was paid or else an indorsement made on it whatever it is. This for the purpose of not disputing the judgment in the court of common pleas, but for the purpose of showing partial distribution of the fund in the hands of Sarah Fitler, the administratrix and accountant, now before the court. It is also further proposed to prove by evidence to be produced hereafter, that tender of the whole amount of the money arising from the personal property of George Fitler, was made to the said heirs of Samuel Fitler, and a release requested from them, and it was refused; said tender being made either in the fall of 1890 or the fall of 1891." (7) In dismissing the seventh exception taken by the appellant to the adjudication of the court below, which was as follows: " The estate of Samuel Fitler, deceased, is not before the court and it is error to determine what the sons did or did not do at this time." (9) In deciding as a matter of law that the $400 paid by the defendant to the four sons of Samuel Fitler, deceased, should be allowed to her in full, which decision is as follows: " We find as a matter of law that the accountant is liable for the sum of $478.51, less $400 paid to David, John, William and Franklin Fitler. That the balance of the fund for which she is liable, after deducting the fees of the clerk of the orphans' court, must be paid to David Fitler, administrator of Samuel Fitler, deceased, on account of judgment March Term, 1895, No. 281." (11) In finding as a fact that there were no creditors of the estate of Samuel Fitler, which finding of fact is as follows: " Creditors of their deceased father (Samuel Fitler) could call upon them as executors, de son tort, but there are no creditors of Samuel Fitler to complain."

S. M. *Enterline*, for appellant.—A judgment having been obtained in the common pleas by the administrator of Samuel Fitler against the administratrix of George Fitler, the accountant's only remedy was to apply to the same court in which judgment was entered, to open or vacate it, or by writ of error or appeal: Otterson v. Middleton, 102 Pa. 78; McClain's Appeal, 180 Pa. 231.

The learned judge below was in error in deciding that there could be no creditors of the estate of Samuel Fitler. He evidently lost sight of the fact that no letters of administration were taken out on this estate until February 18, 1895, and that the statute of limitations of the creditors against the estate did not begin to run until then. In fact there are still remaining over three years' time for them to present their claim: Marsteller v. Marsteller, 93 Pa. 350; Levering v. Rittenhouse, 4 Wharton, 130; Amoles' Appeal, 115 Pa. 356; Riner v. Riner, 166 Pa. 617.

In Yorks' Appeal, 110 Pa. 69, Judge PAXSON (reversing the court below said): "The administration of estates in Pennsylvania is a legal, and not an equitable system, resting as it does upon statutes."

All assets of a decedent must come to the hands of his personal representative. A payment of money to any one else is a mispayment. Eisenbise v. Eisenbise, 4 Watts, 134, is directly in line.

*G. H. Gerber*, for appellee.

OPINION BY WICKHAM, J., January 18, 1898:

Samuel Fitler died in 1879. At the time of his death, his son George owed him $2,000, secured by four bonds of $500 each. George died in 1884 leaving the bonds unpaid. His widow, Sarah, took out letters of administration on his estate, and in September, 1887, filed her first and final account showing a balance nominally in her hands of $478.51.

When the usual proceedings to make formal distribution were had in the orphans' court, the administratrix proved that she had, by way of anticipation, paid to David, John, William, and Franklin Fitler, at their joint request, each $100, about the year 1890. These, her husband's brothers, were the only persons entitled as the heirs of Samuel Fitler, and as there were no creditors of his estate, they might legally divide it without administration. "No doubt the personal estate of a decedent vests in the administrator, but in trust for creditors and heirs or legatees. The mere legal estate passes to the administrator, the equitable descends upon the parties entitled to distribution. If there be no creditors, the heirs have a complete equity in the

property, and if they choose, instead of taking letters of administration, to distribute it by arrangement made and executed amongst themselves, where is the principle which forbids it?" Walworth v. Abel, 52 Pa. 370 ; Weaver v. Roth, 105 Pa. 408.

At the time these payments were made, the heirs surrendered to Sarah one of the bonds, because of the money paid them, and gave her another for services rendered her husband's mother during the last years of her life. The debt was thus reduced to $1,000.

In 1895, David Fitler took out letters of administration on the estate of Samuel, his father, and brought suit in the common pleas for the $1,000 against Sarah Fitler and her children, heirs of George, with a view evidently to obtain a lien on George's real estate. He succeeded only in securing judgment against Sarah as administratrix, having delayed too long in instituting proceedings to reach the land. This judgment was presented in the orphans' court by David, who claimed that Sarah should be required to pay thereon the whole amount of the balance of $478.51 shown by her account. The learned auditing judge very properly, as we think, held that the $400 advanced earlier should be regarded as a partial distribution, and that therefore only the sum of $78.51 remained actually unpaid. This amount, less the clerk's fee, was awarded to the judgment.

To have sustained David's contention would have resulted in compelling George's administratrix to pay the $400 twice to the heirs of Samuel, and made her liable for $878.41 instead of the true balance shown by her account.

But it is contended, for the appellant, that there was not sufficient evidence to justify the court in holding that there were no creditors of Samuel's estate to whom David as administrator might be liable. We think the circumstances amply warranted the learned auditing judge's conclusion. Samuel died May 29, 1879, and no letters of administration were taken out on his estate until February 18, 1895, and it does not appear that they were issued at the instance of any creditor. So far as we can see, they were secured by David merely to qualify himself to bring suit against George's estate. It is not likely that if Samuel were indebted, at the time of his decease, his creditors would have permitted his estate to go unadministered for nearly six-

teen years. The audit of Sarah's account took place on February 8, 1897, nearly eighteen years after Samuel's death. In the absence of any evidence or even intimation, at the audit, that any unpaid debts existed against Samuel's estate, the learned auditing judge, looking at all the circumstances, rightly assumed that they constituted prima facie proof that there were no such debts.

The appellant's position that Sarah purchased the two bonds from the heirs is not sustainable.

We have carefully considered all the assignments of error, in connection with the argument of the appellant's counsel, and deem none of them tenable.

Decree affirmed at the cost of appellant.