Northern Trust Company, Appellant, *v.* Travelers Insurance Company of Hartford, Connecticut.

Argued January 12, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Frank Streeper, Jr.,* with him *Romain C. Hassrick,* for appellant.

*Charles E. Kenworthey,* with him *Paul Maloney* and *Evans, Bayard & Frick,* for appellee.

Opinion by Mr. Justice Stern, January 24, 1938:

In 1895 defendant issued a life insurance policy to Lewis Blaylock, providing for the payment of "the sum of Ten Thousand Dollars twenty years after the payment of the first installment provided above, to the above named Beneficiary if then living, or in event of her death then to such Beneficiary as the Insured may during his lifetime or by his will nominate thereto, but failing such nomination, then to the legal representatives of the said Lewis Blaylock."

Blaylock died in 1898 and by his will appointed his wife Matilda Blaylock, John E. Faunce, and The Northern Savings Fund Safe Deposit and Trust Company (now known as Northern Trust Company) as executors and trustees. Their account as executors was presented, audited, and confirmed absolutely, and the residue of the estate awarded to them as trustees; they were not, however, formally discharged as executors. Subsequently Mrs. Blaylock and Faunce died, leaving Northern Trust Company as sole surviving executor and trustee. The amount of the policy became payable in 1918, and on October 21 of that year defendant drew its check in the sum of $10,000 "to the order of John E. Faunce and The Northern Savings Fund Safe Deposit & Trust Co. of Phila. Executors and Trustees of the Estate Lewis Blaylock," and mailed it to Faunce, who, however, was then deceased. On December 18, 1918, Northern Trust Company, plaintiff, filed its final account as surviving trustee, which was approved by the Orphans' Court, and on December 27, resigned as surviving trustee. The Orphans' Court appointed C. W. VanArtsdalen as substituted trustee and directed plaintiff to turn over to him all the funds in the estate, which plaintiff accordingly did.

The check which had been sent to Faunce came into the possession of VanArtsdalen. He endorsed it as "Substituted Trustee Estate of Lewis Blaylock dec'd," and received payment thereon on April 2, 1919. He did

not file an account as substituted trustee until 1936, and it then appeared that he was unable to account for the $10,000.

The present suit is by the surviving executor against the insurance company to recover the amount of the policy. At the time it became payable the beneficiary was not living and the insured had not made a substitute nomination; accordingly by the terms of the policy it was payable to the *legal representatives* of Blaylock. Plaintiff contends that as surviving executor, and therefore Blaylock's legal representative, it alone was entitled to payment, and that VanArtsdalen's receipt of the money as substituted trustee was ineffective to relieve defendant of its obligation. All of the facts in the case being set forth in the pleadings, the court below made absolute a rule for judgment for want of a sufficient reply to new matter in the affidavit of defense, and judgment was entered for defendant.

We see no merit in plaintiff's position. When defendant's check was paid to VanArtsdalen as substituted trustee there were, as far as the record discloses, no creditors of the Blaylock Estate, and, as more than twenty years had elapsed since Blaylock's death, presumptively no unpaid debts existed at that time. Had the money been paid to plaintiff, it would have been obliged forthwith to turn it over to VanArtsdalen, who, as substituted trustee, was entitled to it. Defendant, therefore, in making the payment to VanArtsdalen on its check, did nothing more than plaintiff itself necessarily would have done had payment been routed through it. There being no debts of the estate, and the account of the executors having been confirmed, and all the funds in their hands paid, under court orders, to the trustees and by the latter to the substituted trustee, the surviving executor continued to exist merely as a nominal legal entity, and under such circumstances could properly be ignored by defendant in liquidating its debt to the estate. Of course, in short-circuiting a payment, a debtor takes

the risk of a subsequent appearance and claim on the part of creditors or other parties prior in interest to the person thus paid. Plaintiff, as surviving executor, could not have recovered the money from VanArtsdalen as substituted trustee: *Walworth v. Abel*, 52 Pa. 370. By the same token, it cannot recover from defendant, who paid the money to the person actually and ultimately entitled. As the learned court below said: "Since the trustee was entitled to the fund, it would be the height of formalism to hold that payment directly to him did not discharge the defendant."*

The question here involved was decided against plaintiff's contention in *Vail v. Anderson*, 61 Minn. 552, 64 N. W. 47; *Christie v. Chicago, Rock Island & Pacific Ry. Co.*, 104 Ia. 707, 74 N. W. 697; *McKeigue v. Chicago & Northwestern Ry. Co.*, 130 Wis. 543, 110 N. W. 384, and *Molendorp v. First National Bank of Sibley*, 183 Ia. 174, 166 N. W. 733. In the last named case it was said: "The one chief purpose of administration upon an estate is to collect the assets, apply the same to the payment of all proper charges and expenses, and turn the remainder over to the heirs or legatees entitled thereto. For this purpose it is true that the legal title to the assets is in the administrator, and in strict regularity one who is indebted to the estate should make payment to him; but if, instead of so doing, the debtor, acting in good faith, should by mistake of law or fact make payment direct to the person who would be entitled to receive it through the administrator, and the money is not needed or required by the administrator for the payment of claims or

---

* In regard to the general right of heirs and legatees, where there are no debts, to assert title to the property of a decedent's estate and take possession thereof without the intervention of administration, see: *McLean's Executors v. Wade*, 53 Pa. 146, 150; *Weaver v. Roth*, 105 Pa. 408, 413; *Shugar v. Garman*, 2 Sadler 490, 492, 493; *Roberts v. Messinger*, 134 Pa. 298, 309, 310; *Duffy's Estate*, 209 Pa. 390, 396; *Blodgett's Estate*, 254 Pa. 210, 213; *Couch v. Thompson*, 293 Pa. 237, 240.

expenses, the end of the law is accomplished, and it would be little less than ridiculous to hold the debtor liable to pay his debt over again."

Judgment affirmed.