Gibboney, Exrx., Appellant, *v.* Derrick et al.

Argued January 3, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher* and *J. Colvin Wright,* for appellant.

*B. F. Madore,* with him *Thos. C. Hare,* for appellees.

Opinion by Mr. Justice Barnes, March 25, 1940:

At the date of his death, December 5, 1929, G. H. Gibboney, the testator, had a forty-six-two hundredths

interest in the defendant partnership, which was engaged in the business of private banking under the name of The Everett Bank. His will contained the following provision: "I give, devise and bequeath to my beloved wife, Anna A. Gibboney . . . *all* my property to be and remain for her use so long as she shall remain my widow." Plaintiff, Anna A. Gibboney, was also named as executrix, and duly qualified, but she has never filed an account, nor has there been any distribution of the estate in the orphans' court. No accounting was rendered to the estate by the surviving partners. In fact, the present controversy is largely the result of the informality which has for many years characterized all of the transactions between the parties.

The first attempt to liquidate the partnership business as to Anna A. Gibboney, either personally or as executrix, was made on July 8, 1937, when it was decided that the *then* value of "the Gibboney interest" should be charged off against the joint indebtedness of plaintiff and her children to the firm upon a note executed by them November 29, 1930, in the amount of the unpaid balance of a debt which the decedent owed to the partnership, a part of which had been repaid by plaintiff. As this obligation exceeded the value of "the Gibboney interest" at that time, their action was considered tantamount to a dissolution of the partnership and a complete discharge of its liability to Mrs. Gibboney.

Plaintiff now claims that as executrix, she is entitled to an accounting for the decedent's interest in the partnership as of the date of his death in 1929,* rather than

---

* See Uniform Partnership Act, March 26, 1915, P. L. 18, Part VI, Section 42 (59 PS Sec. 104), which provides: "When any partner retires or dies, and the business is continued . . . without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative . . . may have the value of his interest at the date of dissolution ascertained. . . ." See also Section 43 (59 PS Sec. 105).

as of the date of the purported dissolution, when the value of the partnership assets had greatly diminished. It is necessary, therefore, to determine whether Mrs. Gibboney individually became a member of the partnership, and released it from all obligations to the estate, by contributing the share owned by the decedent to the partnership capital. The chancellor found that she had become a partner in her own right, and that the present bill for an accounting filed by her as executrix should be dismissed. From the final decree of the court in banc, dismissing plaintiff's exceptions, this appeal is taken.

Plaintiff's preliminary contention, that she had no power under the will to appropriate and dispose of decedent's share in the partnership, cannot be sustained. We agree with the conclusion of the court below: "This she had a right to do because the bequest was absolute as long as she did not remarry. She never remarried. It is therefore conclusive that Anna A. Gibboney, the legatee of the interest of George H. Gibboney in the bank, had the right to use and employ the interest in the partnership which she took under the will of her deceased husband and to engage with the surviving partners in carrying on the business previously conducted during her husband's lifetime." See *Kidd's Est.*, 293 Pa. 21; *McKinstry's Est.*, 296 Pa. 185; *Byrne's Est.*, 320 Pa. 513. Inasmuch as there were no creditors of the estate other than the defendant partnership and the plaintiff was the sole beneficiary of this bequest, no formal administration of the estate was necessary to vest Mrs. Gibboney with power to deal with the decedent's share of partnership assets as her own. See *Walworth v. Abel*, 52 Pa. 370; *McLean's Executors v. Wade*, 53 Pa. 146; *Northern Tr. Co. v. Travelers Ins. Co.*, 329 Pa. 17.

The record reveals ample support for the chancellor's finding that Mrs. Gibboney became a partner. Within a year after her husband's death she executed, jointly with her children, the note of November 29, 1930, in the

amount of his indebtedness to the firm, presumably to hold intact her interest in the partnership. On four occasions substantial distributions of profits were made to her. During almost the entire period from 1929 to 1937 plaintiff was represented at the regular meetings of the partners by her son. When, in 1932, the firm purchased the interest of a deceased partner, Mrs. Gibboney's interest was increased from forty-six-two hundredths to forty-six-one hundred and seventy-sevenths on the partnership records.

On February 21, 1936, plaintiff joined in the execution of Articles of Agreement, whereby the parties agreed to the continuation of the partnership, and set forth at length the rights and liabilities of the members. Although two of the parties signed this agreement as personal representatives of decedents, and were so designated, plaintiff signed, and was referred to, in her individual capacity. Similarly, on December 21, 1935, plaintiff individually joined in an application to the State Banking Department for a certificate of authorization, representing herself to be a partner.

In view of the foregoing facts, the chancellor was justified in concluding that Mrs. Gibboney, individually, became a partner before the date of the purported dissolution in 1937, and that she must be deemed to have contributed to partnership capital the share received from her husband's estate. The lapse of eight years, and her conduct during that period, estop her now from asserting the contrary. See *Kennedy's Est.*, 321 Pa. 225.

It is apparent that whatever rights Mrs. Gibboney may have with respect to the partnership are held by her in an individual capacity. Therefore this action was improperly instituted, and the dismissal of the bill was proper.

Decree affirmed; costs to be paid by appellant.