Points, to use, *v.* Gibboney, Appellant, et al.

Argued December 6, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern and Patterson, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* with him *J. Colvin Wright,* for appellant.

*Robert Madore,* for appellee.

Opinion by Mr. Justice Stern, January 6, 1941:

Plaintiff, a member of the bar of Bedford County, is the payee of a judgment note in the sum of $19,726.70 executed by defendants, dated April 6, 1936, and payable one year thereafter. Plaintiff entered judgment on August 22, 1936, and on August 2, 1938, issued execution, whereupon defendants obtained a rule to show cause why the judgment should not be opened to let them into a defense and to permit them to assert a counterclaim. The court made the rule absolute as to all defendants except Anna A. Gibboney, but discharged the rule as to her, and the case is now before us on her appeal. The question is, Did the court below abuse its discretion in refusing to open the judgment as to appellant?

George H. Gibboney, a resident of Everett, Bedford County, appellant's husband, died December 5, 1929,

and by his will left all his property to appellant "to be and remain for her use so long as she shall remain my widow," and he appointed her executrix. Appellant has not remarried and is upwards of eighty years of age. Defendants Grace M. Gibboney, Vashti G. Stahle, G. H. Gibboney, Jr., E. E. Gibboney and Lillian G. Zepp are children of George H. Gibboney and appellant; Mary A. Gibboney is the widow, and Dorothy Gibboney the daughter, of a deceased son, O. Lawrence Gibboney. Apparently all parties in interest, as well as the attorney for the estate, George Points, plaintiff herein, were of the impression that appellant took a life interest in the estate, with remainder to the children, but, in a certain proceeding brought by the estate against the Everett Bank, it was held by this court (*Gibboney, Executrix v. Derrick,* 338 Pa. 317, 12 A. 2d 111) that the bequest to appellant was absolute so long as she did not remarry, that she was the sole beneficiary under the will, and, on the assumption there were no creditors, that she could take over its assets as her own without any formal administration of the estate. The estate seemed to be entirely solvent but was heavily indebted to the Everett Bank, which was a private partnership, decedent having been one of the members of the firm, and also to business creditors of the Cottage Planing Mill Company, a mill owned and operated by decedent in his lifetime.

In the proceedings to open the present judgment appellant testified that plaintiff did not advise her that she was not personally responsible for the debts of the estate, but, on the contrary, urged her to use her own funds to pay the debts. He also told her that she could continue the operation of the planing mill just as it had been conducted by her husband.

The business of the mill, which she carried on presumably as executrix, was run at a great loss, and several of its creditors obtained judgments against her as executrix of the estate. Plaintiff, in 1932 and 1933,

purchased and took assignments to himself of several of these judgments. He also made loans to appellant with which to pay other claims against the estate. One such loan was made in 1930 in the amount of $8,000, another in 1933 in the sum of $300, and still another of $1,600 in that same year. The $8,000 loan was for the purpose of reducing the claim of the Everett Bank, and for it plaintiff received a note signed by appellant as executrix of the estate. The proceeds of the other two loans were used for the payment of claims against the mill. For the $300 loan plaintiff received the note of appellant as executrix of the estate; for the $1,600 loan he obtained a note signed by appellant in her individual capacity and by four of her children. In April, 1936, plaintiff added to the sum represented by these several transactions, with accumulated interest thereon, a charge of $5,000 for legal services to the estate, making a grand total of $19,726.70, and took from appellant and the other defendants the note now in litigation. It will be observed that, except for the note representing the loan of $1,600, all the obligations due to plaintiff were by appellant as executrix of the estate, and what plaintiff obtained by the present note was the liability of appellant and the other defendants as individuals, and thereby, upon entering the note of record, a lien against land owned by appellant in her own right.

The ground upon which defendants petition to have the judgment opened is, so far as appellant is concerned, that plaintiff, being her legal adviser, had no right to induce her and her children individually to assume the debt which was owing to him by the estate, and to give them the impression they were under a legal duty to do so. As attorney, it was incumbent upon him to deal with the utmost candor and scrupulous good faith, especially in regard to a claim which he himself had acquired against the estate. As to the item of $5,000 counsel fee, (which plaintiff states he is willing to reduce to $2,000 in settlement of the controversy),

appellant claims that even the estate is not liable for this charge because of his inattention to its affairs, (with instances of which the record is replete), and because, also, of the improper advice which he gave her. One of her main grievances is that her husband, at the time of his death, was indebted to the Everett Bank in the sum of $32,799.04, but his interest in the bank partnership, for which his estate was entitled to an accounting, was of a liquidating value in excess of $57,500; instead of advising her that the estate could set off what was due from the partnership, plaintiff instructed her that she would first have to pay the amount owed by the estate and later obtain an accounting for the amount due from the partnership. The result of acting on this advice was that she paid large sums to the bank on account of its claim and continued the partnership relation previously maintained by her husband,* so that when, several years later, an accounting was had with the bank, the value of the partnership interest had so declined that, instead of there being a balance in favor of the estate, there was a considerable sum remaining due to the bank.

As far as the other defendants are concerned, it is their contention, it having been decided that they never had any interest whatever in the estate, that their execution of the note here in litigation was without any real consideration; it was on that ground that the court below opened the judgment as to those defendants.

Plaintiff's testimony was confused and in some respects was in contradiction of his own sworn answer to defendants' petition. Appellant's only liability to the creditors of the estate was to account for the assets which were subject to their claims. If those assets became depleted by the operation of the business of the planing mill and by the failure to demand an accounting from the Everett Bank, such losses were due, if

---

* See *Gibboney, Executrix, v. Derrick,* 338 Pa. 317, 12 A. 2d 111.

appellant's testimony is to be believed, to the incorrect legal advice given her by plaintiff. When it appeared that the estate was lapsing into insolvency plaintiff could not, at least without the fullest explanation to appellant of her rights, change his position from a creditor of the estate to a creditor of the individual defendants, nor was he justified in giving them the impression that he was legally entitled to the note which he asked them to execute. The burden is upon him, as attorney, to show that he did not gain a personal advantage by misrepresenting the legal situation or by failing to make it plain to those whom it was his duty to advise and protect. There is little, if anything, in the evidence to indicate that he fulfilled that duty, nor was this aspect of the case apparently considered by the court. While he testified that he constantly cautioned appellant not to use her personal funds for the payment of debts of the estate, it seems strange that he ignored this advice in the instance where his own claim was concerned and induced her to assume just such a personal liability. It is noteworthy that in the very letter in which he demanded that this note be executed he referred to his claim as being due him by the estate.

As far as appellant's proposed counterclaim is concerned, most of the items composing it are barred by the statute of limitations, and as to the rest, in the absence of more clarifying testimony, we express at this time no opinion as to whether or not they are legally recoverable. The opening of the judgment will also permit a determination of the question whether, as claimed by defendants, the note was altered after its delivery to plaintiff.

The record is remanded with directions to make the rule to open the judgment absolute as to all defendants. Costs to abide the event.