## Plogstert Estate.

Argued September 29, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

John A. Metz, with him Mayer Sniderman, for appellants.

Hermann F. Ruoff, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, October 31, 1944:

Appellee, The Union Trust Company of Pittsburgh, Administrator of the Estate of Herman E. Plogstert, deceased, has no substantive right in these proceedings which requires judicial protection. It is insisting upon nothing more than a formal employment by the Orphans' Court of procedural mechanisms which, while ordinarily desirable, are of no practical value under the facts here involved.

Decedent died intestate August 2, 1942, leaving to survive him as sole heir his mother Louise Scheiber. The Union Trust Company of Pittsburgh was appointed administrator of his estate and notice of the granting of the letters of administration was immediately published as required by law. An inventory was filed, followed on April 5, 1943, by a first and final account which was duly advertised and was audited on April 21, 1943. No claims of creditors being presented, on April 26, 1943, a decree was entered awarding to Louise Scheiber the entire balance for distribution amounting to $7,659.71. Shortly thereafter Louise Scheiber discovered that decedent had on deposit with the Harmony Building and Loan Association the sum of $7,534.04,—an asset which had not

been included in the inventory or the administrator's account. She paid the inheritance tax due thereon, and then petitioned the court for an order directing the Building and Loan Association to transfer the deposit to her; the court, on July 31, 1943, made the order requested. On August 3, 1943, she assigned all her right, title and interest in the fund to her minor grandson Charles Raymond Dudt, and the Building and Loan Association issued to him its pass book covering the deposit account. On January 14, 1944, the administrator filed a petition praying that the court's order of July 31, 1943, be revoked and that the Building and Loan Association be directed to make payment to it as administrator. On May 16, 1944, the court entered such a decree, from which the present appeals were taken by Louise Scheiber and by the guardian of the minor grandson.

We start with the familiar principle that although the legal title to the assets of a decedent's estate passes to the administrator, if there be no creditors the heirs have a complete equity in the property and distribution may be made among them without administration. The cases so holding are legion.[1] Obviously, if there are no creditors of this decedent's estate, it would be a vain and useless thing to have the Building and Loan Association pay the $7,534.04 to the administrator, have the latter file a supplemental account, have the court enter another decree re-awarding this asset to Louise Scheiber, and have her re-assign it to her grandson. The only result of such a procedure would be to diminish the amount of the fund by the payment of administrator's

---

[1] For example: *Walworth v. Abel*, 52 Pa. 370; *McLean's Executors v. Wade*, 53 Pa. 146, 150; *Marsden's Appeal*, 102 Pa. 199, 205, 206; *Weaver v. Roth*, 105 Pa. 408, 413; *Shugar v. Garman*, 2 Sadler 490, 492, 493; *Roberts v. Messinger*, 134 Pa. 298, 309, 310, 19 A. 625; *Garman's Estate*, 211 Pa. 264, 266, 267, 60 A. 720, 721; *Blodgett's Estate*, 254 Pa. 210, 214, 98 A. 876, 877; *Northern Trust Company v. Travelers Insurance Company of Hartford, Connecticut*, 329 Pa. 17, 19, 20, 196 A. 497, 498; *Gibboney, Executrix, v. Derrick*, 338 Pa. 317, 319, 12 A. 2d 111, 112.

commissions and counsel fees; these should never be the reward of other than *necessary* services. The law is essentially pragmatic; it is concerned primarily with the objective to be attained, and it should not be so construed as to require the retracing of one procedural road merely in order to pursue another more conventional one to the same legal terminus.

Presumably the administrator does not dissent from what has thus been said, but it argues that unless the asset in question is turned over to it and a second account is filed and advertised it cannot be conclusively determined whether or not there *are* creditors of decedent's estate. Appellants, on the other hand, point out that the administrator's petition does not allege the existence of any such creditors [2] whereas they themselves assert in their answers that there are none; therefore the burden of proof is upon the administrator. The solution of this controversy is to be found in our decisions in *Ray's Estate,* 345 Pa. 210, 25 A. 2d 803, and *Doster Estate,* 346 Pa. 455, 31 A. 2d 142, where it was held that an executor or administrator, without the audit or even the filing of an account, may make distribution without liability to any creditor who shall not have given written notice of his claim within six months after the granting of letters testamentary or of administration, provided only that the granting of such letters has been properly advertised in accordance with the requirements of the act. Certainly a creditor who has not given such notice within the time specified in the statute or before a distribution is made cannot assert a claim against the distributed assets. Here no creditor appeared either within the six months' period or thereafter, and therefore what was in effect an order of distribution was justifiably made by the court. It is true that no notice was given to the administrator when the petition for that order was

[2] In the course of the oral argument counsel for the administrator frankly admitted that neither he nor his client knew of any creditors or had any reason to believe there were any.

filed, but, even had it been heard on the petition, it could not have objected in the absence of any notice of a claim theretofore received from a creditor. The only party who could assert any right in the present appeal would be a creditor who had given notice of his claim prior to the court's order of July 31, 1943, but there is no such creditor. Therefore the court erred in revoking the order in which it had directed distribution of the Building and Loan Association deposit to Louise Scheiber, she being admittedly the sole heir of decedent.

The order or decree of May 16, 1944, is reversed, and the order or decree of July 31, 1943, is reinstated; each party to pay its or their respective costs.